NO. 07-02-0051-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



OCTOBER 3, 2002



______________________________




IN THE MATTER OF THE MARRIAGE OF


KATHRYN KOENIG TAYLOR AND DON EUGENE TAYLOR




_________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NO. 47,595-A; HONORABLE DAVID L. GLEASON, JUDGE



_______________________________



Before REAVIS and JOHNSON, JJ, and BOYD, SJ. (1)

ON MOTION FOR REHEARING

 In seeking a rehearing, appellant Kathryn Koenig Taylor presents two issues in
which she contends we utilized the wrong test in determining the factual sufficiency of the
evidence to support the trial court's finding (1) that the New York Life Insurance policy
insuring appellee Don Eugene Taylor's life had a $30,000 separate property interest and
(2) that the community estate had a $15,106 interest in the separate property of appellant.

 In the recent seminal cases of In re C.H., No. 00-0552, slip op., WL 1903109 at 1 
(Tex. July 3, 2002), and In re N.K., No. 01-1070, slip op., 2002 WL 1432813 at 1 (Tex. July
3, 2002), the court considered the test to be applied by appellate courts in termination
cases in evaluating whether the trial evidence was sufficient to meet the clear and
convincing evidence test. In settling a difference which had theretofore existed between
the Courts of Appeals, the court explicated that in deciding the factual sufficiency of
findings that must be supported by clear and convincing evidence, the test is whether the
evidence is such that a factfinder could reasonably form a firm belief or conviction about
the truth of the allegations sought to be established. 

 We agree that test is also applicable in divorce cases such as this one. The
relevant evidence in this case was recited in detail in our original opinion, and it is not
necessary to reiterate it here. Suffice it to say that we find the evidence was sufficient for
the trial court, as factfinder in this case, to reasonably form a firm belief or conviction that
the property division made by it was justified.

 Accordingly, appellant's motion for rehearing must be, and it is hereby, overruled.


 John T. Boyd

 Senior Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. 



ut only shows that there has been a failure to establish in the record the
qualifications of the expert. Before we commence our analysis, we first set out the
applicable standard of review. 

Standard of Review


 A writ of mandamus will only issue to correct a clear abuse of discretion or violation
of a duty imposed by law when there is no adequate remedy by law. Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Also the relator has the burden to present
the appellate court with a record sufficient to establish the right to mandamus. Id. at 837. 
Delay, inconvenience, or expense of an appeal does not constitute the absence of an
adequate remedy by appeal, but instead

 the relator must establish the effective denial of a reasonable opportunity to
develop the merits of his or her case, so that the trial would be a waste of
judicial resources. . . . Similarly, a denial of discovery going to the heart of
a party's case may render the appellate remedy inadequate.


Walker, 827 S.W.2d at 843. 

 We commence our analysis by focusing our attention on the rule that mandamus 
is available only if relators have demonstrated that they have no adequate remedy by
appeal. By their motion to reinstate and to reconsider order, among other things, relators
contended: 

 2. [t]he exclusion of Dr. Townsend as an expert witness is not the result of an
affirmative showing that he is disqualified to testify as an expert; rather the
record before the Court was that there has not been an affirmative showing
of a proper predicate for his qualifying as an expert in this case.

 3. The purpose of this second deposition is to establish that indeed there
existed . . . sufficient legal and factual basis for Dr. Townsend to testify as an
expert for the plaintiff . . .


but that his expert status was denied because of the failure of the record to affirmatively
demonstrate a proper scientific basis for his opinions or that the appropriate questions were
not asked, and that the reason he did not so testify in his original video deposition was that
he was not asked.

 By their petition here, relators present similar arguments, asserting:


 Dr. Townsend's status as an expert was denied because of a failure
to affirmatively demonstrate a proper scientific basis for his opinions.
That failure was not the result of affirmatively demonstrating the lack
of such basis; it was the result of a failure to ask the proper questions
to elicit such proper scientific basis.
 Dr. Townsend was never asked the medical or scientific standard
upon which he based his opinions. Had he been asked, he would
have testified that he based his opinions on "reasonable medical
probability." 
 The reason he did not so testify in his original deposition was that he
was not asked. 



Relators argue that when the "qualification barrier" has been met, Dr. Townsend may 
testify as to his opinion concerning the diagnosis, causation, etc. Then, they conclude that
to block the deposition was an abuse of discretion by the trial court. 

 The two orders of the trial court in the underlying proceeding do not preclude
relators' exercise of other means of discovery. See, e.g., Tex. R. Civ. P. 199.1(b), 200. 
Accordingly, relators have failed to establish the effective denial of a reasonable opportunity
to develop the merits of their case. Therefore, they have not met the second test of
Walker, 827 S.W.2d at 843, and have not shown a lack of an adequate remedy by law. 

 Accordingly, relators' petition for writ of mandamus is denied. 


 Per Curiam


Johnson, C.J., not participating.